UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| Jaymee Fleming and Carol Anderson individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>Del Monte Foods, Inc.,<br><br>Defendant | 3:21-cv-01462-SMY<br><br>First Amended<br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiffs allege upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

1. Del Monte Foods, Inc. ("defendant") manufactures, labels, markets, and sells Farmhouse Cut Green Beans described as "Fresh Cut," "With Natural Sea Salt," and containing "No Preservatives" ("Product").

2. Consumers are increasingly seeking foods without preservatives for various reasons.

3. Preservatives are defined as something that preserves or have the power of preserving, specifically, an additive used to protect against decay, discoloration, or spoilage.

4. Preservatives are used to maintain the quality of food beyond their role in killing microorganisms that can contribute to foodborne illness.

5. Preservatives are grouped into two general classes – natural preservatives, consisting of sugar, salt, vinegar, and spices, and artificial preservatives such as benzoate of soda, salicylic acid, and sulfur dioxide.

6. In response to an unregulated environment where dangerous substances were being added to the nation's food supply, the Pure Food and Drug Act of 1906 defined "chemical

preservatives" as any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices.

7. When the Food Drug and Cosmetic Act was enacted, it contained the same requirement. 21 C.F.R. § 101.22(a)(5).

8. Federal and identical state regulations require that all foods contain a prominent statement sufficient to tell purchasers if it contains a chemical preservative. 21 C.F.R. § 101.22(c).

9. Canned green beans are required to be processed by heat, in an appropriate manner before or after being sealed in a container, as to prevent spoilage. 21 C.F.R. § 155.120(a).

10. Salt is an optional ingredient to canned green beans.

11. Salt can be added for taste, but also functions as a preservative.

12. Though canning kills biological organisms, it is not a silver bullet.

13. Some organisms are merely weakened through the canning process, while some may survive, albeit in small enough numbers such that they will not be an issue if the food is consumed within a reasonable amount of time.

14. Salt ensures that fewer bacteria survive, and those that do, stay dormant.

15. Salt prevents the deterioration of the green beans over time beyond its impact on any chemical processes

16. Chemical processes exist which are unrelated to foodborne illness which can cause a food's quality to decrease over time.

17. Salt prevents and slows discoloration of food.

18. Salt causes food to maintain its texture for longer than it otherwise would.

19. In canned foods, salt adds flavor, but maintains the natural flavor of the food.

20. Salt has a preservative function even in a largely sterile environment.

21. The statement that the Product has "No Preservatives" is false, due to the presence of salt.

22. While the relevant regulations for chemical preservatives do not require any ingredient in the Product to be identified as a preservative nor the front label to disclose any chemical preservative (it does not have any), they do not authorize the claim of "No Preservatives."

23. The Product contains other representations which are misleading.

24. Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other comparable products or alternatives.

25. By labeling the Product in this manner, Defendant gained an advantage against other companies, and against consumers seeking to purchase a product that did not contain preservative ingredients.

26. The value of the Product that plaintiffs purchased was materially less than its value as represented by defendant.

27. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

28. Had Plaintiffs and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

29. The Product is sold for a price premium compared to other similar products, no less than approximately $2.79 for 14.5 oz (411g), a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

Jurisdiction and Venue

30. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28

3

U.S.C. § 1332(d)(2).

31. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

32. Plaintiff Jaymee Fleming is a citizen of Illinois.

33. Plaintiff Carol Anderson is a citizen of Illinois.

34. Defendant Del Monte Foods, Inc., is a Delaware corporation with a principal place of business in Walnut Creek, Contra Costa County, California.

35. Plaintiffs and defendant are citizens of different states.

36. Defendant transacts business within this District through sale of the Product within this District, at convenience stores, grocery stores, drug stores, big box stores, membership stores, and online, sold directly to residents of this District.

37. Venue is in this District because plaintiff Fleming resides in this district and the actions giving rise to the claims occurred within this district.

38. Venue is in the Benton Division Courthouse in this District because a substantial part of the events or omissions giving rise to the claim occurred in Perry County, i.e., Plaintiff Fleming's purchase of the Product and their awareness of the issues described here.

## Parties

39. Plaintiff Jaymee Fleming is a citizen of Pinckneyville, Perry County, Illinois.

40. Plaintiff Carol Anderson is a citizen of Bushnell, McDonough County, Illinois.

41. Plaintiffs try to avoid food with any kinds of added preservatives.

42. Defendant Del Monte Foods, Inc., is a Delaware corporation with a principal place of business in Walnut Creek, California, Contra Costa County.

43. Del Monte is the country's largest producers of vegetables.

44. As one of the oldest sellers of canned goods, consumers know the Del Monte Shield means trust and quality.

45. Plaintiff Fleming purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, from stores including Walmart, 215 Grant Way Du Quoin, IL 62832, between October and November 2021, among other times.

46. Plaintiff Anderson purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, from stores including IGA Ludlum's Food Mart, 1001 Cole St, Bushnell, IL 61422, between August and October 2021, among other times.

47. Plaintiffs bought the Product because they expected it did not contain preservative ingredients because that is what the representations said and implied.

48. Plaintiffs seek to avoid preservatives of all kinds.

49. Plaintiffs relied on the words and images on the Product, identified here.

50. Plaintiffs bought the Product at or exceeding the above-referenced price.

51. Plaintiffs would not have purchased the Product if they knew the representations were false and misleading or would have paid less for them.

52. Plaintiffs chose between Defendant's Product and similar products represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the statements and claims made by Defendant.

53. The Product was worth less than what Plaintiffs paid and they would not have paid as much absent Defendant's false and misleading statements and omissions.

54. Plaintiffs intend to, seek to, and will purchase the Product again when they can do so with the assurance that Product's representations are consistent with their composition.

55. Plaintiffs are unable to rely on the labeling of not only this Product, but other items

purporting to not contain preservatives, because they is unsure of whether their representations are truthful.

56. Plaintiffs want to purchase foods, including green beans, without preservatives because they likes this food and she dislikes preservatives.

## Class Allegations

57. Plaintiffs seek certification under Fed. R. Civ. P. 23 of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged.
>
> **Consumer Fraud Multi-State Class**: All persons in the States of North Dakota, Rhode Island, Michigan, Virginia, Kansas, Wyoming, and Delaware, who purchased the Product during the statutes of limitations for each cause of action alleged

58. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiffs and class members are entitled to damages.

59. Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

60. Plaintiffs are adequate representative because their interests do not conflict with other members.

61. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

62. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

63. Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

64. Plaintiffs seek class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act
("ICFA"), 815 ILCS 505/1, et seq.</u>

(Consumer Protection Statute)

65. Plaintiffs incorporate by reference all preceding paragraphs.

66. Plaintiffs and class members desired to purchase a product that did not contain preservative ingredients.

67. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

68. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

69. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

70. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

71. Plaintiffs relied on the representations that the Product did not contain preservative ingredients

72. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Violation of State Consumer Fraud Acts</u>

<u>(On Behalf of the Consumer Fraud Multi-State Class)</u>

73. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

74. Defendant intended that plaintiffs and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

75. As a result of defendant's use or employment of artifice, unfair or deceptive acts or business practices, plaintiffs, and each of the other members of the Consumer Fraud Multi-State Class, have sustained damages in an amount to be proven at trial.

76. In addition, defendant's conduct showed motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

<u>Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

77. The Product was manufactured, identified, and sold by defendant and expressly and impliedly warranted to plaintiffs and class members that it did not contain preservative ingredients.

78. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

79. This duty is based on Defendant's outsized role in the market for this type of Product, the preeminent brand when it comes to packaged vegetables, symbolized by the iconic Del Monte Shield, representing the highest quality.

80. Thus, the Product has a high level of trust with consumers, more so than other brands.

81. Plaintiffs provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

82. Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

83. The Product did not conform to its affirmations of fact and promises due to

8

defendant's actions and were not merchantable because it was not fit to pass in the trade as advertised.

84. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

85. Defendant had a duty to truthfully represent the Product, which it breached.

86. This duty is based on defendant's position, holding itself out as having special knowledge and experience in this area, as the leading canner of vegetables in the nation.

87. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, the preeminent canned vegetables brand.

88. Plaintiffs and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

89. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

90. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it did not contain preservative ingredients.

91. Moreover, the records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provide it with actual and/or constructive knowledge of the falsity of the representations.

92. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

Unjust Enrichment

93. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiffs demand a jury trial on all issues.

**WHEREFORE**, Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying plaintiffs as representatives and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: February 18, 2022

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com